1  Jed P. White, State Bar No. 232339
   E-Mail:  jed.white@bclplaw.com
2  **BRYAN CAVE LEIGHTON PAISNER LLP**
3  120 Broadway, Suite 300
   Santa Monica, California 90401
4  Telephone:  (310) 576-2100
   Facsimile:   (310) 576-2200
5
6  Shalem Massey, State Bar No. 143281
   E-Mail: shalem.massey@bclplaw.com
7  Michael E. Olsen, State Bar No. 307358
   E-Mail:  michael.olsen@bclplaw.com
8  Jennifer Steeve, State Bar No. 308082
   E-Mail:  jennifer.steeve@bclplaw.com
9  **BRYAN CAVE LEIGHTON PAISNER LLP**
10 3161 Michelson Drive, Suite 1500
   Irvine, California 92612
11 Telephone:  (949) 223-7000
   Facsimile:   (949) 223-7100
12
   Attorneys for Plaintiff
13 MAG Aerospace Industries, LLC dba
   Zodiac Water & Waste Aero Systems
14

15              **UNITED STATES DISTRICT COURT**

16    **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

17

18 | MAG AEROSPACE INDUSTRIES, | Case No.
   | LLC, DBA ZODIAC WATER &
19 | WASTE AERO SYSTEMS,
20 |                                    | **COMPLAINT FOR:**
21 |                Plaintiff,          | **1. CONVERSION**
                                         **2. BREACH OF ORAL CONTRACT**
22 |                vs.                 | **3. BREACH OF WRITTEN**
                                         **   CONTRACT**
23 | PRECISE AEROSPACE                  | **4. CLAIM AND DELIVERY**
   | MANUFACTURING, INC.,               | **5. NEGLIGENT INTERFERENCE**
24 |                                    | **   WITH PROSPECTIVE**
                                         **   ECONOMIC RELATIONS**
25 |                Defendant.          | **6. FRAUDULENT INDUCEMENT**
                                         **7. VIOLATION OF BUSINESS &**
26 |                                    | **   PROFESSIONS CODE § 17200**
27

28

USA01\11149796
                                                    _____
                                                    COMPLAINT

Plaintiff MAG Aerospace Industries, LLC dba Zodiac Water & Waste Aero Systems ("MAG" or "ZWWS") alleges as follows:

## PARTIES AND JURISDICTION

1.     MAG is a limited liability company organized and existing under Delaware law.  MAG is a provider of complex water and waste systems for use in airplanes built by original equipment manufacturers ("OEMs"), such as Boeing and Airbus.  MAG's very existence is premised on timely delivering water and waste systems to OEMs.

2.     Defendant Precise Aerospace Manufacturing, Inc. ("Precise") is a California corporation, doing business in Corona, California.  Precise is a manufacturer that specializes in plastic injection molding for the aerospace and defense industries.  Injection molding is a manufacturing process for producing parts by injecting material into a mold.

3.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1)(2), (c)(1) (diversity jurisdiction).  MAG is a limited liability company organized under the laws of the State of Delaware.  The sole member of MAG is Zodiac US Corporation.  Zodiac US Corporation is incorporated in Delaware and its principal place of business is New Jersey.  Thus, for purposes of diversity, MAG is a citizen of Delaware and New Jersey.  Precise is a citizen of California and has its principal place of business in California and is thus deemed a citizen of California.  Because MAG is a citizen of Delaware and New Jersey and Precise is a citizen of California, complete diversity exists.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

4.     Venue is proper in this district pursuant to:  (i) 28 U.S.C. § 1391(b)(1) because Precise resides within this district; (ii) 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district; and (iii) because there is no district in which this action may otherwise be brought.

## **GENERAL ALLEGATIONS**

5.      MAG contracts with various suppliers to produce and supply component parts for its water and waste systems.  MAG owns the molds used to create the parts manufactured by its suppliers.  MAG invested significant time and money for its suppliers to create or modify the molds, which are custom-designed to produce each component part.

6.      Beginning in or around 2012, MAG provided Precise with MAG's molds so that Precise could create aerospace parts to MAG's specifications.  Using MAG's molds, Precise began supplying parts to MAG.

7.      In late 2016, Precise and MAG became involved in a commercial dispute in which Precise claimed, among other things, that MAG breached its contractual obligations.  Because of the deteriorating business relationship and the resulting threat to MAG's business if its supply of injection-molded plastic parts were to be disrupted, on January 13, 2017, MAG sought the return of all of its molds from Precise.  MAG requested that Precise return the molds so that MAG could utilize a different plastic-injection molding company and ensure a continuous supply of parts to the OEMs.  Precise refused to return the molds.

8.      On January 17, 2017, Precise filed a Complaint in Los Angeles Superior Court, styled *Precise Aerospace Manufacturing, Inc. v. Zodiac Water & Waste Aero Systems*; Case No. TC028675.  MAG removed the case to federal court on February 15, 2017, and it was decided by Judge Klausner, Case No. 2:17-cv-01239-RGK-AJW.  It is currently pending in the Ninth Circuit Court of Appeals on review through cross-appeals (Case Nos. 18-55353; 18-55356, hereafter referred to as "*Zodiac I*").

9.      Meanwhile, Precise refused to return the molds.  As Precise remained in wrongful possession of MAG's molds, MAG grew increasingly fearful of supply shortages of parts, and resulting penalties from the OEMs.  Precise also refused to accept certain purchase orders.

10.     With its molds held hostage by Precise, and facing imminent deadlines to its OEM customers, MAG had no choice but to enter into an interim agreement with Precise on February 2, 2017, whereby Precise would continue to supply parts to MAG during the course of *Zodiac I* ("Interim Agreement").  Under the Interim Agreement, Precise was permitted to retain the molds so long as Precise was producing parts in response to MAG's purchase orders.  The stated purpose of the Interim Agreement was to ensure continuity of supply to MAG's customers during the course of this lawsuit.  The term of the Interim Agreement was one year, or upon final determination of *Zodiac I*.

11.     Beginning in March 2017, MAG expressed concern to Precise about the quality of part numbers 38100-312 and 38100-313, which are parts for MAG's water and waste systems used in Airbus aircraft.  On April 27, 2017, MAG informed Precise of impending penalties from Airbus and pleaded with Precise to return the two molds associated with parts numbers 38100-312 and 38100-313 so that another supplier could make the parts, but Precise refused.

12.     On May 8, 2017, pursuant to an Order setting a deadline for all pleadings to be filed in the district court in *Zodiac I*, MAG filed a Counterclaim against Precise for conversion, breach of contract, claim and delivery, intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, breach of implied covenant of good faith and fair dealing, and violation of California Business & Professions Code § 17200.

13.     On May 8, 2017, MAG filed an *ex parte* application for writ of possession in *Zodiac I* for return of the two molds associated with parts numbers 38100-312 and 38100-313.  MAG did not seek the return of the other 70 molds at that time because Precise was still producing parts from most of those 70 molds in response to MAG's purchase orders under the Interim Agreement.

14.     Without reaching the merits of the underlying writ of possession, the district court denied the *ex parte* application because it was uncertain that a "genuine crisis" existed.  Immediately thereafter, to mitigate its damages and avoid the imminent penalties from Airbus for missing the supply deadline, MAG had another supplier, Southern California Plastics ("SoCal Plastics"), create new, replacement molds for parts numbers 38100-312 and 38100-313.

15.     Following the district court's May 8, 2017 ruling, MAG continued to send, and Precise continued to accept, purchase orders under the Interim Agreement, except for parts numbered 38100-312 and 38100-313.

16.     However, in late September and early October 2017, Precise refused to produce any parts in response to purchase orders from MAG.  In other words, in addition to its prior refusal to produce parts using the two molds referred to as parts numbered 381011-312 and 3811-313 (which was the basis for MAG's Counterclaim in *Zodiac I*), beginning in late September and early October 2017, Precise refused to produce parts in response to purchase orders that were associated with the 70 other MAG molds that were in Precise's possession.

17.     In November 2017, Precise's President and co-owner, Ms. Roxanne Abdi ("Ms. Abdi"), announced that Precise would no longer produce parts under the Interim Agreement, despite the fact the Interim Agreement was still in effect and allowed MAG to issue purchase orders.

18.     Rather than abide by the terms of the binding Interim Agreement, Ms. Abdi demanded that MAG assent to new terms and conditions, including increased prices, exorbitant expedite fees, and unreasonable increased minimum quantities. Precise's position threatened the continuity of supply to MAG that the Interim Agreement was intended to ensure.

19.     When it became clear that Precise would not comply with its obligations under the Interim Agreement, on November 9, 2017, MAG demanded the return of its 70 molds from Precise.  At that time, approximately 25 of the molds

had no open purchase orders, so MAG demanded that those be returned immediately.  For the roughly 45 molds with open purchase orders, MAG demanded that the molds be returned upon completion of each purchase order.  Precise responded that it would refuse to return <u>any</u> of the 70 molds.

20.     On November 27, 2017, MAG filed an Application for Writ of Possession and Motion for Preliminary Injunction in the district court in *Zodiac I*, seeking the return of the 70 molds wrongfully possessed by Precise.  MAG sought the immediate return of the 25 molds which had no pending purchase orders, and the rolling return of the remaining 45 molds upon completion of the last purchase order for the parts associated with those molds.  MAG did not seek the return of the two molds associated with parts numbers 38100-312 and 38100-313 because those were rendered worthless after another supplier created the two replacement molds in May 2017.

21.     On January 10, 2018, the district court denied MAG's Application for Writ of Possession, finding that MAG's request for the 70 molds was not within the scope of MAG's Counterclaim.  The district court held that the Counterclaim in *Zodiac 1* encompassed only the two molds associated with parts numbers 38100-312 and 38100-313.

22.     In January 2018, Precise was still in wrongful possession of the 70 molds and MAG was in desperate need for parts to meet its customers' deadlines.  Thus, on January 24, 2018, Sebastien Weber, CEO of MAG, met in-person with Ms. Abdi regarding additional purchase orders.  The location of the meeting was Precise's facility in Corona, California.  At this meeting, Mr. Weber and Ms. Abdi agreed on the following terms:

1)     MAG would place a minimum of $1.5 million in new purchase orders with Precise;

2)     The purchase orders would be non-cancellable;

3)      Pricing for each purchase order would be subject to the higher pricing previously demanded by Precise in 2016;

4)      Following the completion of each purchase order Precise would return the molds and at the completion of all the purchase orders the parties would terminate their relationship; and

5)      MAG would provide Precise with raw materials to support the production of MAG's orders by placing a raw materials purchase order with MAG and paying for the materials within a 60-day payment term.

23.      In reliance on this January 2018 promise, MAG has sent Precise 71 non-cancellable purchase orders totaling $1,508,072.00.  MAG has made payments following delivery of parts fulfilled pursuant to each purchase order and is current on all payments for invoices submitted by Precise.

24.      On February 16, 2018, the district court in *Zodiac I* granted MAG's Motion for Summary Judgment in its entirety, and also granted Precise's partial Motion for Summary Judgment on MAG's Counterclaim.  The case is currently pending on appeal in the Ninth Circuit.

25.      On March 12, 2018, in a telephone conversation with Mr. Weber, Ms. Abdi repudiated Precise's agreement to return MAG's molds following completion of the purchase orders, and instead declared that Precise was keeping the molds during the course of the appeal of Zodiac *I*, which could last years.  Precise continued producing and shipping parts pursuant to the January 2018 promise.

26.      However, on May 10, 2018, without providing any reason or justification, Precise refused to ship any of MAG's orders.  Precise vaguely referenced a "credit issue," but MAG has made payments following delivery of each purchase order and is current on all payments for invoices submitted by Precise.  On May 21, 2018, Ms. Abdi instructed MAG to "stop communicating directly with any

1  of Precise's employees" until further notice, which is a significant interference with
2  MAG's ability to conduct business with Precise.

3      27.    Precise continues to refuse to fill or ship any orders.  Precise is
4  currently late on delivery of multiple purchase orders.  Precise also refuses to return
5  MAG's molds.  Simply put, Precise is trying to hold MAG over a barrel by refusing
6  to produce parts and refusing to return MAG's molds.

7      28.    In the instant case, MAG seeks an order for Precise to: (1) perform the
8  $1.5 milllion in purchase orders it accepted, (2) return the molds for which it has no
9  open purchase orders, and which the district court found to be outside the scope of
10 MAG's Counterclaim in *Zodiac I*, and (3) return the balance of molds on a rolling
11 basis upon completion of each purchase order.  MAG also seeks to recover its
12 related damages due to Precise's refusal to return the molds and Precise's unjustified
13 refusal to ship MAG's orders.

14                                              **FIRST CAUSE OF ACTION**

15                                                    **Conversion**

16     29.    MAG incorporates paragraphs 1 through 28 above as set forth fully
17 herein.

18     30.    MAG is the sole owner of the molds.  Precise currently has in its
19 possession 15 "family" molds (a mold or group of molds used to support more than
20 one end part number), and 73 "individual" molds (a mold, or group of molds used to
21 support one end part number), all of which belong to MAG.  Overall this represents
22 102 separate molds.  These molds were either transferred to Precise from a previous
23 supplier of MAG's or built by Precise pursuant to a purchase order from MAG.
24 MAG is entitled to immediate possession of all molds for which there is no open
25 purchase order and the return of all molds upon completion of each purchase order
26 as set forth in the chart below:

27

28

COMPLAINT

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|--------|-----------------|---------------------------|-------------------------------------|
| 1 | FM-01 | 1 | Transferred from C & D Zodiac, Pack Slip # 01092015 | No Open PO |
| 2 | FM-02 | 5 | Transferred from SCP, Pack Slip # 183-03, 191-03, and 220-03 | 15-Jan-2019 |
| 3 | FM-03 | 1 | Transferred from DaMar Plastics, Pack Slip # 012981 | 19-Oct-2018 |
| 4 | FM-04 | 1.5 | Transferred from SCP, Pack Slip # 167-03 | No Open PO |
| 5 | FM-05 | 1.5 | Transferred from SCP, Pack Slip # 167-03 | No Open PO |
| 6 | FM-06 | 1 | Transferred from DaMar Plastics, Pack Slip # 012981 | 19-Sep-2018 |
| 7 | FM-07 | 1 | Transferred from C & D Zodiac, Pack Slip # 01092015 | No Open PO |
| 8 | FM-08 | 4 | Transferred from Littlestar, Pack Slip # 00067976 Note: When tool was first transferred to Precise, the Top Assy PNR was 77000-031, with supporting details PNR's of 77000-031-079 77000-031-080 77000-031-081 77000-031-082 | 14-Sep-2018 |
| 9 | FM-09 | 2 | Transferred from SCP, Pack Slip # 178-03 | No Open PO |
| 10 | FM-10 | 1 | PO # 2239785 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 11 | FM-11 | 1 | Transferred from SCP, Pack Slip # 178-03 | No Open PO |
| 12 | FM-12 | 1 | Transferred from SCP, Pack Slip # 53-03 | No Open PO |
| 13 | FM-13 | 1 | Transferred from Littlestar, Pack Slip # 00068138 | No Open PO |
| 14 | FM-14 | 1 | Transferred from SCP, Pack Slip # 177-03 | No Open PO |

COMPLAINT

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|--------|-----------------|---------------------------|-------------------------------------|
| 15 | FM-15 | 1 | Transferred from SCP, Pack Slip # 220-03 | No Open PO |
| 16 | IM-01 | 2 | Transferred from SCP, Pack Slip # 177-03 | No Open PO |
| 17 | IM-02 | 1 | PO # 2234158 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 18 | IM-03 | 1 | Transferred from SCP, Pack Slip # 178-03 | 15-Jun-2018 |
| 19 | IM-04 | 1 | PO # 2193479 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 14-Sep-2018 |
| 20 | IM-05 | 1 | PO # 2180084 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 19-Sep-2018 |
| 21 | IM-06 | 2 | Transferred from SCP, Pack Slip # 191-03 | 1-Feb-2019 |
| 22 | IM-07 | 1 | Transferred from SCP, Pack Slip # 167-03 | No Open PO |
| 23 | IM-08 | 1 | Transferred from SCP, Pack Slip # 178-03 | 20-Sep-2018 |
| 24 | IM-09 | 1 | PO # 2189289 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Nov-2018 |
| 25 | IM-10 | 1 | PO # 2189290 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 25-Oct-2018 |
| 26 | IM-11 | 1 | PO # 2189281 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 27 | IM-12 | 1 | Transferred from Littlestar, Pack Slip # 00068138 | 14-Sep-2018 |
| 28 | IM-13 | 1 | Transferred from Littlestar, Pack Slip # 00068138 | 1-Nov-2018 |
| 29 | IM-14 | 1 | PO # 2203254 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 1-Nov-2018 |

COMPLAINT

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|---|---|---|---|
| 30 | IM-15 | 1 | PO # 2203257 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 1-Nov-2018 |
| 31 | IM-16 | 1 | PO # 2203277 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 32 | IM-17 | 1 | PO # 2238631 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 33 | IM-18 | 1 | PO # 2234157 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 34 | IM-19 | 1 | PO # 2189292 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 35 | IM-20 | 1 | PO # 2238629 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 14-Sep-2018 |
| 36 | IM-21 | 1 | PO # 2203258 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 37 | IM-22 | 1 | PO # 2203259 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 38 | IM-23 | 1 | PO # 2238634 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 39 | IM-24 | 1 | PO # 2189291 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 40 | IM-25 | 1 | PO # 2189288 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 41 | IM-26 | 1 | PO # 2189293 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 42 | IM-27 | 1 | PO # 2231767 Issued to Precise | 15-Jan-2019 |

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|---|---|---|---|
| | | | to build tooling for ZWWS, ZWWS paid for this tooling | |
| 43 | IM-28 | 1 | PO # 2231766 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 44 | IM-29 | 1 | PO # 2203283 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 45 | IM-30 | 1 | PO # 2205515 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 46 | IM-31 | 1 | PO # 2189294 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 25-May-2018 |
| 47 | IM-32 | 1 | Transferred from Littlestar, Pack Slip # 00068138 | 14-Sep-2018 |
| 48 | IM-33 | 1 | PO # 2189417 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 49 | IM-34 | 1 | PO # 2235105 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 50 | IM-35 | 1 | PO # 2235104 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 51 | IM-36 | 1 | PO # 2235103 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 52 | IM-37 | 1 | PO # 2235102 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 53 | IM-38 | 3 | Transferred from Littlestar, Pack Slip # 00068138 | No Open PO |
| 54 | IM-39 | 1 | PO # 2177607 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 1-Feb-2019 |
| 55 | IM-40 | 1 | PO # 2177610 Issued to Precise | 1-Feb-2019 |

COMPLAINT

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|--------|-----------------|---------------------------|-------------------------------------|
| | | | to build tooling for ZWWS, ZWWS paid for this tooling | |
| 56 | IM-41 | 1 | PO # 2177611 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Feb-2019 |
| 57 | IM-42 | 1 | PO # 2177612 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 15-Jan-2019 |
| 58 | IM-43 | 1 | Transferred from Littlestar, Pack Slip # 00067976 | No Open PO |
| 59 | IM-44 | 1 | PO # 2177613 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 1-Nov-2018 |
| 60 | IM-45 | 1 | PO # 2177635 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 1-Nov-2018 |
| 61 | IM-46 | 1 | PO # 2236022 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | 20-Sep-2018 |
| 62 | IM-47 | 1 | PO # 2229608 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 63 | IM-48 | 1 | PO # 2229610 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 64 | IM-49 | 1 | PO # 2229611 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 65 | IM-50 | 1 | PO # 2229615 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 66 | IM-51 | 1 | PO # 2229616 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 67 | IM-52 | 1 | PO # 2229612 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |

COMPLAINT

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|--------|---|---|---|
| 68 | IM-53 | 1 | PO # 2229613 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 69 | IM-54 | 1 | PO # 2229618 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 70 | IM-55 | 1 | PO # 2229619 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 71 | IM-56 | 1 | PO # 2229609 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 72 | IM-57 | 1 | Transferred from SCP, Pack Slip # 178-03 | 18-Oct-2018 |
| 73 | IM-58 | 1 | Transferred from SCP, Pack Slip # 177-03 | No Open PO |
| 74 | IM-59 | 1 | Mold was returned to ZWWS | No Open PO |
| 75 | IM-60 | 1 | Mold was returned to ZWWS | No Open PO |
| 76 | IM-61 | 1 | PO # 2238225 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 77 | IM-62 | 2 | PO # 2228931 & 2228935 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 78 | IM-63 | 1 | PO # 2180084 Issued to Precise to build tooling for ZWWS, ZWWS paid for this tooling | No Open PO |
| 79 | IM-64 | 1 | Transferred from Littlestar, Pack Slip # 00068138 | No Open PO |
| 80 | IM-65 | 1 | Transferred from SCP, Pack Slip # 177-03 | No Open PO |
| 81 | IM-66 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| 82 | IM-67 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |

| # | Mold # | Number of molds | Transfer or Build History | Last Delivery Date On Production PO |
|---|--------|-----------------|---------------------------|-------------------------------------|
| 83 | IM-68 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| 84 | IM-69 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| 85 | IM-70 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| 86 | IM-71 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| 87 | IM-72 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| 88 | IM-73 | 1 | Transferred from SCP, Pack Slip # 212-03 | No Open PO |
| | Total = | 102 | | |

31.     Precise has intentionally and substantially interfered with MAG's ability to conduct business by refusing to return the molds to MAG, despite repeated requests by MAG.

32.     MAG does not consent to Precise's continued possession of the molds.

33.     MAG continues to be harmed by Precise's possession of the molds because it is preventing MAG's ability to satisfy its contractual obligations to its OEM customers.  Precise has caused MAG to suffer damages, including but not limited to the value of the molds, lost revenues and profits, loss of its good will and reputation, cost of making new molds, and all delay penalties or claims asserted by the OEMs.

## SECOND CAUSE OF ACTION

### Breach of Oral Contract

34.     MAG incorporates paragraphs 1 through 33 above as set forth fully herein.

35.     On January 24, 2018, MAG and Precise agreed to a verbal contract with the following terms:

1)  MAG would place $1.5 million in new purchase orders with Precise;

2)  The purchase orders would be non-cancellable;

3)  Pricing for each purchase order would be subject to the higher pricing previously demanded by Precise in 2016;

4)  Following the completion of each purchase order Precise would return the molds and at the completion of all the purchase orders the parties would terminate their relationship; and

5)  MAG would provide Precise with raw materials to support the production of MAG's orders by placing a raw materials purchase order with MAG and paying for the materials within a 60-day payment term.

36.  The agreement reached on January 24, 2018 constitutes a valid and enforceable contract between Precise and MAG ("January 2018 Agreement").

37.  In reliance on the January 2018 Agreement, MAG sent Precise 71 non-cancellable purchase orders totaling $1,508,072.00.  MAG has made all payments following delivery of the goods fulfilling each purchase order and is current on all payments for invoices submitted by Precise.

38.  On March 12, 2018, Precise repudiated the January 2018 Agreement by refusing to return MAG's molds following completion of the purchase orders, instead claiming that Precise would keep the molds during the course of the appeal of *Zodiac I*.

39.  Precise further breached the January 2018 Agreement on May 10, 2018, when it refused to ship any of MAG's orders without reason or justification.

40.  MAG has performed all, or substantially all, obligations required under the January 2018 Agreement.  To the extent there are outstanding obligations, MAG is excused from performing such obligations as a result of Precise's breach.

41.     Precise further breached the January 2018 Agreement by (1) refusing to return MAG's molds following completion of the purchase orders, and (2) refusing to ship MAG's orders.

42.     All conditions required by the January 2018 Agreement for Precise's performance have occurred.

43.     Due to Precise's breach of the January 2018 Agreement, MAG has suffered and will continue to suffer damages in an amount to be shown at trial including but not limited to the value of the molds, lost revenues and profits, loss of its good will and reputation, cost of making new molds, and all delay penalties or claims asserted by MAG's customers.

## THIRD CAUSE OF ACTION

### Breach of Written Contract

44.     MAG incorporates paragraphs 1 through 43 above as set forth fully herein.

45.     Since January 2018, MAG and Precise entered into 71 purchase order contracts.  Precise acknowledged and accepted each purchase order.  True and correct copies of those purchase orders and Precise's acceptance of them are attached to this Complaint as **Exhibit 1.**

46.     The purchase orders required Precise to produce each part, specified by the part number description, and deliver those parts to MAG by an agreed-upon delivery date:

| PO Number | Total Qty | Total Order Value | Qty Delivered | Qty Remaining | Qty Past Due | Next Delivery Due Date |
|---|---|---|---|---|---|---|
| 2324552 | 500 | $38,795 | 360 | 140 | | 15-Sep-18 |
| 2324553 | 400 | $5,448 | 250 | 150 | | 14-Sep-18 |
| 2324554 | 150 | $11,639 | 100 | 50 | | 14-Sep-18 |
| 2324555 | 800 | $62,072 | 500 | 300 | | 14-Sep-18 |
| 2333501 | 500 | $9,415 | 0 | No Open PO | | No Open PO |

| PO Number | Total Qty | Total Order Value | Qty Delivered | Qty Remaining | Qty Past Due | Next Delivery Due Date |
|---|---|---|---|---|---|---|
| 2333502 | 500 | $9,730 | 303 | 197 | 47 | 18-May-18 |
| 2333504 | 200 | $5,564 | 0 | No Open PO | | No Open PO |
| 2333511 | 800 | $6,800 | 0 | No Open PO | | No Open PO |
| 2333513 | 3500 | $105,630 | 1500 | 2000 | | 1-Aug-18 |
| 2333514 | 600 | $15,696 | 0 | No Open PO | | No Open PO |
| 2333515 | 300 | $5,994 | 0 | No Open PO | | No Open PO |
| 2333517 | 350 | $33,471 | 150 | 200 | | 25-May-18 |
| 2339126 | 100 | $6,323 | 0 | No Open PO | | No Open PO |
| 2339128 | 200 | $8,366 | 0 | No Open PO | | No Open PO |
| 2339129 | 200 | $8,366 | 0 | No Open PO | | No Open PO |
| 2339130 | 1500 | $28,845 | 1000 | 500 | | 14-Sep-18 |
| 2339131 | 1500 | $29,520 | 1000 | 500 | | 14-Sep-18 |
| 2339133 | 1500 | $22,725 | 1000 | 500 | | 14-Sep-18 |
| 2339135 | 205 | $5,287 | 0 | 205 | | 15-Jun-18 |
| 2339136 | 1500 | $19,560 | 715 | 785 | | 1-Jun-18 |
| 2339137 | 1500 | $26,085 | 1000 | 500 | | 14-Sep-18 |
| 2339138 | 2000 | $18,540 | 800 | 1200 | | 25-May-18 |
| 2339139 | 1500 | $95,700 | 290 | 1210 | 110 | 11-May-18 |
| 2339140 | 500 | $8,840 | 0 | No Open PO | | No Open PO |
| 2339141 | 600 | $13,446 | 63 | 537 | 250 | 11-May-18 |
| 2339142 | 1500 | $17,370 | 1000 | 500 | | 19-Sep-18 |
| 2339143 | 750 | $10,058 | 400 | 350 | | 14-Sep-18 |
| 2339304 | 5000 | $39,650 | 1000 | 4000 | | 30-May-18 |
| 2339306 | 5000 | $37,900 | 2000 | 3000 | | 21-Sep-18 |
| 2339307 | 5000 | $21,250 | 2000 | 3000 | | 1-Nov-18 |
| 2339308 | 5000 | $24,750 | 1500 | 3500 | | 14-Sep-18 |
| 2339309 | 10000 | $16,700 | 2000 | 8000 | | 17-Jul-18 |
| 2339310 | 5000 | $14,850 | 1500 | 3500 | | 14-Sep-18 |
| 2339311 | 7000 | $44,450 | 4000 | 3000 | | 20-Sep-18 |
| 2339312 | 1000 | $18,170 | 0 | 1000 | | 14-Sep-18 |
| 2339313 | 1500 | $14,850 | 500 | 1000 | | 14-Sep-18 |
| 2339314 | 2600 | $15,964 | 600 | 2000 | | 14-Sep-18 |
| 2339315 | 600 | $21,168 | 250 | 350 | | 14-Sep-18 |
| 2339316 | 600 | $10,728 | 250 | 350 | | 14-Sep-18 |
| 2339317 | 600 | $10,668 | 250 | 350 | | 14-Sep-18 |
| 2339319 | 600 | $9,918 | 0 | 600 | 250 | 18-May-18 |
| 2339320 | 700 | $5,859 | 0 | 700 | | 1-Jun-18 |

COMPLAINT

| PO Number | Total Qty | Total Order Value | Qty Delivered | Qty Remaining | Qty Past Due | Next Delivery Due Date |
|---|---|---|---|---|---|---|
| 2339321 | 600 | $17,136 | 0 | 600 | | 25-May-18 |
| 2339323 | 600 | $7,230 | 0 | 600 | | 1-Jun-18 |
| 2339324 | 750 | $95,498 | 322 | 428 | | 14-Sep-18 |
| 2339325 | 600 | $6,840 | 0 | 600 | | 1-Jun-18 |
| 2339326 | 600 | $46,140 | 0 | 600 | | 1-Jun-18 |
| 2339327 | 2000 | $9,000 | 1000 | 1000 | | 15-Jan-19 |
| 2339328 | 600 | $44,910 | 0 | 600 | | 1-Jun-18 |
| 2339329 | 500 | $39,295 | 250 | 250 | | 15-Jan-19 |
| 2339330 | 600 | $44,970 | 0 | 600 | | 1-Jun-18 |
| 2339332 | 200 | $4,102 | 0 | 200 | | 15-Jan-19 |
| 2339333 | 1200 | $16,644 | 0 | 1200 | 500 | 18-May-18 |
| 2339334 | 120 | $23,274 | 0 | 120 | | 10-Oct-18 |
| 2339335 | 1200 | $17,856 | 0 | 1200 | 500 | 18-May-18 |
| 2339336 | 300 | $20,808 | 80 | 220 | | 6-Jun-18 |
| 2339337 | 600 | $9,114 | 0 | 600 | | 1-Jun-18 |
| 2339338 | 400 | $5,568 | 200 | 200 | | 19-Sep-18 |
| 2339339 | 900 | $7,389 | 0 | 900 | | 1-Jun-18 |
| 2339340 | 200 | $2,272 | 0 | No Open PO | | No Open PO |
| 2339341 | 600 | $48,864 | 0 | 600 | 250 | 18-May-18 |
| 2339342 | 1000 | $5,360 | 513 | 487 | | 20-Sep-18 |
| 2339343 | 600 | $61,110 | 0 | 600 | | 1-Jun-18 |
| 2339344 | 100 | $2,000 | 0 | No Open PO | | No Open PO |
| 2339345 | 500 | $5,965 | 0 | 500 | | 14-Sep-18 |
| 2339346 | 25 | $5,148 | 0 | No Open PO | | No Open PO |
| 2339347 | 50 | $6,294 | 0 | 50 | | 20-Sep-18 |
| 2339348 | 250 | $3,885 | 0 | No Open PO | | No Open PO |
| 2339349 | 500 | $4,320 | 0 | 500 | | 15-Aug-18 |
| 2339350 | 650 | $7,040 | 0 | 650 | | 23-May-18 |
| 2339351 | 50 | $3,880 | 0 | 50 | | 16-Oct-18 |

47.     Precise breached 58 open purchase orders on May 10, 2018, when it refused to ship any of MAG's orders without providing any reason or justification.

48.     Precise also breached four additional purchase orders on May 18, 2018, when Precise refused to pay four outstanding and past due invoices for purchase orders Precise had placed with MAG for raw materials:

COMPLAINT

| Purchase Order # | Invoice # | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 20452 | 021418SAB3 | 2/16/2018 | 3/19/2018 | $66,169.95 |
| 20414 | 021418SAB1 | 2/16/2018 | 3/19/2018 | $51,301.99 |
| 20452 | 030218SAB | 3/2/2018 | 4/2/2018 | $23,367.53 |
| 20414 | 021418SAB2 | 3/16/2018 | 4/16/2018 | $11,137.50 |
| | | | **Total Outstanding** | **$151,976.97** |

49. MAG has performed all, or substantially all, obligations required under the purchase orders. To the extent there are outstanding obligations, MAG is excused from performing such obligations because of Precise's breach.

50. All conditions required by the purchase orders for Precise's performance had occurred.

51. Due to Precise's breach of the purchase orders, MAG has suffered and will continue to suffer damages in an amount to be shown at trial including but not limited to lost revenues and profits, loss of its good will and reputation, cost of making new molds, and all delay penalties or claims asserted by the MAG's customers.

### FOURTH CAUSE OF ACTION

### Claim and Delivery

52. MAG incorporates paragraphs 1 through 51 above as set forth fully herein.

53. This claim is brought pursuant to Federal Rule of Civil Procedure 64 and California Claim and Delivery statutes, including California Code of Civil Procedure § 512.010 *et seq.*, and California Code of Civil Procedure § 667.

54. Precise is in possession of molds for which it has no outstanding purchase order in breach of the January 2018 Agreement, industry standards, and the parties' course of dealing.

55. MAG is the sole owner of the molds. Precise has no ownership interest in the molds. MAG is lawfully entitled to immediate possession of all molds for

which there are no open purchase orders and return of the remaining molds on a rolling basis upon completion of each purchase order.

56.     The molds for which there are no open purchase orders are being wrongfully detained by Precise.

57.     During, and as a proximate result of, the wrongful possession and retention of the molds by Precise, MAG has suffered the loss of the use of the molds.  As a result, MAG has been significantly delayed in its ability to provide qualifying parts to satisfy its agreements with MAG's customers.  MAG, therefore, has and continues to suffer damages resulting from Precise's wrongful possession of the molds.

58.     The molds are located at Precise's headquarters located at 224 Glider Cir, Corona, CA 92880.

59.     The molds have not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an execution against the property of MAG.

60.     By virtue of the wrongful possession of MAG's personal property by Precise, MAG is entitled to and demands immediate possession of all molds for which there are no outstanding purchase orders and a judgment for claim and delivery of those molds and the return of the remaining molds on a rolling basis upon completion of each purchase order.

## FIFTH CAUSE OF ACTION

### Negligent Interference with Prospective Economic Relations

61.     MAG incorporates paragraphs 1 through 60 above as set forth fully herein.

62.     An economically beneficial relationship exists between MAG and OEMs, including but not limited to Airbus and Boeing, whereby MAG has agreed to provide water and waste systems for the OEMs in exchange for payment.

63.     At all relevant times alleged herein, Precise knew of MAG's supply contract with OEMs.  MAG also informed Precise numerous times of MAG's supply contracts, both before and during the time of Precise's interference.

64.     Precise owed a duty of care to MAG, as its supplier, to not take any action or omission that would disrupt MAG's economic relationship with OEM's.

65.     Precise knew or should have known that its refusal to return the molds to MAG and/or refusal to ship MAG's orders would disrupt and harm MAG's relationship with OEMs.

66.     Precise continues to act unreasonably by refusing to ship orders and refusing to turn over the molds it wrongfully withholds from MAG, which has hindered and delayed MAG's ability to maintain a continuity of supply to its customers.

67.     Precise has acted negligently and failed to act with reasonable care.

68.     Precise's conduct was wrongful and not privileged, and was in breach of the January 2018 Agreement, and in violation of the parties purchase orders and terms and conditions there, industry standards, and the parties' course of dealing.

69.     As described herein, MAG's relationship with OEMs has and will be disrupted by Precise's conduct.

70.     Precise's wrongful conduct harmed MAG, as described herein.

71.     Precise's wrongful conduct was a substantial factor in causing MAG harm, as described herein.  As a result, MAG has suffered, and continues to suffer, damages in an amount to be shown at the time of trial.

## SIXTH CAUSE OF ACTION

### Fraudulent Inducement

72.     MAG incorporates paragraphs 1 through 71 above as set forth fully herein.

73.     During the January 24, 2018 meeting with Sebastien Weber of MAG, Ms. Abdi represented that if MAG placed $1.5 million in new, non-cancellable

purchase orders at elevated prices, then following the completion of each purchase order Precise would return the molds and at the completion of all the purchase orders the parties would terminate their relationship.

74.    Precise and Ms. Abdi's statements regarding return of the molds were false.  Precise and Ms. Abdi, at all times mentioned herein, knew these statements were false and made these statements with the intent to cause MAG to rely on them and place an additional $1.5 million in purchase orders with Precise.

75.    In reliance on Precise and Ms. Abdi's representations, MAG has sent Precise 71 non-cancellable purchase orders totaling $1,508,068.70.  Had it not been for Precise and Ms. Abdi's statements regarding return of MAG's molds, MAG would not have agreed to January 2018 Agreement.

76.    As a direct and proximate result of Precise and Ms. Abdi's misrepresentations, MAG has suffered and will continue to suffer damages in an amount to be shown at trial including but not limited to the value of the molds, lost revenues and profits, loss of its good will and reputation, cost of making new molds, and all delay penalties or claims asserted by the MAG's customers.

77.    In doing the things herein alleged, Precise acted with malice, oppression, and/or fraud with the intent to cause injury to MAG.  As such MAG, is entitled to recover an award of punitive damages.

## SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200

78.    MAG incorporates paragraphs 1 through 77 above as set forth fully herein.

79.    As alleged, Precise has engaged in conduct that constitutes unlawful, unfair, and/or fraudulent business practices in violation of California Business & Professions Code section 17200 *et. seq.*

80.    As a direct and proximate result of Precise's conduct, MAG has suffered and will continue to suffer substantial losses to which MAG is entitled to

restitution damages and/or injunctive relief.  The exact restitution and other available relief is not presently ascertainable, but is believed to exceed the minimum jurisdictional limit of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, MAG prays for judgment as follows:

1. For an order granting claim and delivery of its molds;

2. For an order of specific performance of the accepted purchase orders;

3. For general damages in a sum in excess of the minimum jurisdictional amount of this Court, according to proof at trial;

4. For consequential damages;

5. Restitution;

6. Punitive and/or exemplary damages;

7. For appropriate injunctive relief;

8. For pre and post judgment interest at the legal rate;

9. For costs of suit incurred herein, and attorneys' fees, if allowed; and

10. For such other and further relief as the Court deems just and proper.


Dated:  May 23, 2018                    **BRYAN CAVE LLP**


By:  */s/ Jed P. White*
Jed P. White
Attorneys for Plaintiff
MAG Aerospace Industries, LLC dba
Zodiac Water & Waste Aero Systems

COMPLAINT